**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN ZAMBONI,** | : | Civil Action No. |
| 212 W Rittenhouse Street, #503 | : | |
| Philadelphia, PA 19144 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| 1701 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| 1515 Arch Street, 15th Floor | : | |
| Philadelphia, PA 19102 | : | |
|     Defendant. | : | |

## CIVIL ACTION

Plaintiff, Ryan Zamboni (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against City of Philadelphia, Department of Corrections (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant City of Philadelphia, Department of Corrections is a local government with a location at 1701 State Road, Philadelphia, PA 19136 and with corporate headquarters located at 1515 Arch Street, 15th Floor, Philadelphia, PA 19102.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA, PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2024-06349 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 16, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

## PLAINTIFF HAS A QUALIFYING DISABILITY UNDER FEDERAL, STATE, AND LOCAL LAW

20. Plaintiff has the serious medical condition of post-traumatic stress disorder ("PTSD").

21. PTSD is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

22. The major life activities affected by PTSD, include, but are not limited to, thinking, concentrating, working and brain function.

## DEFENDANT HIRED PLAINTIFF BUT PLACED HIM IN A PRISON AFTER INITIALLY ADVISING HIM HE WOULD BE PLACED SOMEWHERE ELSE

23. In or around March 2024, during Plaintiff's interview, Defendant informed him that he would be working in an IT suite that was under construction.

24. On or about May 13, 2024, Defendant hired Plaintiff in the position of Information Management Analyst 2.

25. Plaintiff was well qualified for his position and performed well.

26. However, when Plaintiff started, Defendant assigned him to work inside of an active prison.

27. This exacerbated Plaintiff's PTSD symptoms.

## PLAINTIFF REQUESTED A REASONABLE ACCOMMODATION DUE TO HIS NEED TO MEDICATE

28. On or about May 17, 2024, Plaintiff submitted a reasonable accommodation request to Brett Johnson, Jr., Human Resources Specialist.

29. The request was that he be placed somewhere outside of an active prison.

30. This request was reasonable, especially considering he was initially told he would be placed somewhere that was not a prison and considering his diagnosis of PTSD.

## DEFENDANT APPEARED TO AGREE TO ACCOMMODATE PLAINTIFF AND TOLD HIM NOT TO REPORT TO WORK PENDING A TRANSFER OPPORTUNITY

31. Defendant's response to Plaintiff's request for a reasonable accommodation came from Johnson, Jr., who informed Plaintiff that Defendant would place Plaintiff in a transfer program at Defendant so that he could be considered and offered another position.

32. Johnson, Jr. instructed Plaintiff not to report to work during this time.

33. Johnson, Jr. also told Plaintiff that Defendant would contact Plaintiff to place him in another position as soon as possible.

34. Plaintiff followed Johnson, Jr.'s instructions and did not report to work during this time.

## DESPITE FOLLOWING DEFENDANT'S INSTRUCTIONS TO NOT REPORT TO WORK, DEFENDANT TERMINATED PLAINTIFF FOR NOT REPORTING TO WORK

35. On May 24, 2024, Defendant terminated Plaintiff for allegedly failing to report to work.

36. Plaintiff was instructed not to report to work by Johnson, Jr.

## DEFENDANT BLATANTLY FAILED TO ACCOMMODATE PLAINTIFF, RETALIATED AGAINST PLAINTIFF, AND DISCRIMINATED AGAINST PLAINTIFF

37. Defendant discriminated against Plaintiff due to his disability, failed to engage in the interactive process and accommodate him, and retaliated against Plaintiff for requesting a reasonable accommodation in violation of the ADA, the PHRA and the PFPO.

38. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

41. Plaintiff was qualified to perform the job.

42. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

43. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

44. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

45. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

46. The purported reason for Defendant's decision is pretextual.

47. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

48. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

49. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

50. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

53. Plaintiff was qualified to perform the job.

54. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

55. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

56. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

57. Plaintiff's disability motivated Defendant's decision to constructively discharge Plaintiff.

58. The purported reason for Defendant's decision is pretextual.

59. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

60. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

61. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISABILITY DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

64. Plaintiff was qualified to perform the job.

65. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

66. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

67. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

68. Plaintiff's disability motivated Defendant's decision to constructively discharge Plaintiff.

69. The purported reason for Defendant's decision is pretextual.

70. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

71. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

72. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

73. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

74. Plaintiff engaged in activity protected by the ADA.

75. Plaintiff requested a reasonable accommodation due to his disability to Defendant.

76. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

77. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

78. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

79. Plaintiff engaged in activity protected by the PHRA.

80. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

81. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

82. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

83. Plaintiff engaged in activity protected by the PFPO.

84. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

85. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ryan Zamboni, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA and the PFPO.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: October 14, 2025      By:   */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*